# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| PURDUE RESEARCH FOUNDATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:07-cv-74-AS-APR |
| v. ) | |
| ) | |
| BIOVALVE TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is Defendant Biovalve Technologies, Inc.'s ("Biovalve") Objection to the Admission of Evidence of Impermissible Late Fees, Attorney's Fees, and Post-Termination Damages (Doc. No. 43), to which Plaintiff Purdue Research Foundation ("Purdue") responded, and Biovalve replied.

Biovalve seeks to keep certain evidence from being admitted during the evidentiary hearing on damages, including evidence concerning the following: (1) an interest rate of up to 1.5% per month on any unpaid balance (because Biovalve argues that it is an impermissible late fee); (2) licensing fees and attorney's fees assessed after October 2, 2006 when the contract terminated; and (3) any attorney's fees (because they are not permitted under North Carolina law).

Interestingly, the parties have, for the first time, informed the Court that North Carolina law applies to the contract[1] of which this Court held Biovalve in breach on January 23, 2009 under Indiana law. Therefore, Purdue argues that Biovalve has waived the unchallenged application of Indiana law.

---

1   Notably, Biovalve raised the applicability of North Carolina law in its Motion to Dismiss (Doc. Nos, 17, 18) filed over a year ago, which was withdrawn by Biovalve before this Court rendered any decision on the Motion or considered the same.

However, it cannot be said that Biovalve is not now challenging which law applies in the case. More importantly, the Court has closely examined the elements for a breach of contract under North Carolina law, and under Indiana law. The Court's breach of contract determination in this case was based on Indiana law, which requires the existence of a contract, the defendant's breach thereof, and damages. *Indiana Bureau of Motor Vehicles v. Ash*, 895 N.E.2d 359, 365 (Ind.App. 2008). Other than requiring damages, North Carolina's breach of contract elements are much like Indiana's where a valid contract exists, and breach of the terms of that contract occurs. *See Schilieper v. Johnson*, 672 S.E.2d 548, 553 (N.C.App. 2009) (citing *Poor v. Hill*, 138 S.E.2d 838, 843 (N.C.App. 2000)). Here, the validity of the contract was not at issue, nor was the Court required to construe the contract's language. Summary judgment was granted because Biovalve did not dispute that it was in breach, but only raised issues as to the proper damage amount. Therefore, the Court fails to see how the end result, finding Biovalve in breach, would be different. Nor does either party suggest that the outcome would be different. Therefore, with the breach of contract determined, Biovalve raises the issue that the contract calls for the application of North Carolina law, as it <u>will</u> make a difference in the damage phase.

Importantly, the intent of the parties to be bound by North Carolina law is unambiguous, wherein the parties' License Agreement clearly states: "**XXIII. <u>GOVERNING LAWS</u>** This Agreement shall be interpreted and construed in accordance with the laws of the State of North Carolina." *See* Exb. A to the Complaint, Doc. No. 1-2, p. 14. Therefore, since no one argues that the application of Indiana law during the summary judgment phase caused some prejudice or would have altered the outcome, and in light of the parties' intentions to be bound by North Carolina law, North Carolina law will apply for the damages determination.

In light of the application of North Carolina law to the determination of damages, the Court orders the following:

(1) Evidence of attorney's fees shall not be admitted. *See Stillwell Enterprises, Inc. v. Interstate Equipment Co.*, 266 S.E.2d 812 (N.C. 1980).

(2) Evidence regarding the amount of interest to be recovered on any unpaid balance [under the License Agreement, Article XVII Late Payments] shall be admitted as calculated from the time of the breach until the date of termination [in accordance with the License Agreement, Article XXV Survival of Terms]. Further, Purdue is not prohibited from asserting that it is entitled to interest (i.e. post contract termination/pre-judgment interest and/or post-judgment interest) and submitting evidence in support of its alleged entitlement to interest in accordance with North Carolina law. *See e.g.,* N.C.G.S. § 24-5; *Barrett Kays & Associates, P.A. v. Colonia Bldg. Co., Inc. of Raleigh*, 500 S.E.2d 108, 111-12 (N.C.App. 1998) (where the contract provides that an interest rate of 1.5 percent per month will be assessed on past due accounts, and there is no specific agreement that the agreed interest will apply post-judgment, it follows that the agreed rate of interest, 1.5 percent per month, must be applied pre-judgment and that the legal rate of interest, 8 percent, must apply post-judgment).

(3) Evidence concerning license fees, expenses, and costs incurred by Purdue prior to the termination of the License Agreement, but not yet billed to Biovalve before the License Agreement was terminated, is admissible.

Further evidentiary issues will be ruled upon during the evidentiary hearing, confirmed for 9:30 a.m. on March 16, 2009 in Lafayette, Indiana. In light of counsel's indication that an expedious ruling would allow the parties to better assess their relative positions and engage in settlement discussion, the Court respectfully requests that should the parties reach a full

settlement, that the Court be given notice **no later than 3:00 p.m. Friday, March 13, 2009**, by way of filing a notice of settlement and request to vacate the evidentiary hearing through CM/ECF.

**SO ORDERED.**

**DATED: March 11, 2009**

            /s/ ALLEN SHARP
            **ALLEN SHARP, JUDGE**
            **UNITED STATES DISTRICT COURT**